UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN J. WILLIAMS,

               Plaintiff,

       -against-

DEBRA ANN LIVINGSTON; CATHERINE
O'HAGAN WOLFE; RICHARD J. SULLIVAN;
JOSEPH F. BIANCO; MICHAEL H. PARKER;
WILLIAM J. NARDINI; RICHARD J. LOHIER,
JR.; STEVEN J. MENASHI; EUNICE C. LEE;
BETH ROBINSON; MYRNA PEREZ; ALISON
J. NATHAN; SARAH A. L. MERRIAM;
MARIA ARAUJO KAHN; RALPH OBAS;
DENNISSE PIZARRO-LEBRON; YANA
SEGAL; LAMA; DOES 1-5, ADDITIONAL
CLERK'S OFFICE STAFF AND
ATTORNEYS,

               Defendants.

26-CV-538 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, an attorney who is appearing *pro se*,[1] brings this action by order to show cause under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that Defendants violated his constitutional rights and seeking declaratory and injunctive relief and damages. By order dated January 23, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

---

[1] Under the signature line of his complaint, Plaintiff lists his "Federal Bar No. CT-04037." (ECF 1 at 64.)

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). Because Plaintiff is an attorney, however, he is not entitled to the solicitude given to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").

## BACKGROUND

Plaintiff is a resident of Connecticut. Named as Defendants in this matter are: (1) the following Second Circuit Judges, in their individual and official capacities: Chief Judge Debra Ann Livingston, Judge Richard J. Sullivan, Judge Joseph F. Bianco, Judge Michael H. Parker, Judge William J. Nardini, Judge Richard J. Lohier, Jr., Judge Steven J. Menashi, Judge Eunice C. Lee, Judge Beth Robinson, Judge Myrna Perez, Judge Alison J. Nathan, Judge Sarah A. L. Merriam, and Judge Maria Araujo Kahn (collectively, the "Federal Judge Defendants"); (2) Catherine O'Hagan Wolfe, in her official and individual capacity as Clerk of Court of the Second Circuit, and the following case managers in the Second Circuit Clerk's Office, in their individual capacities: Ralph Obas, Dennisse Pizarro-Lebron, Yana Segal, and "Lama"; and

2

(3) "Does 1-5, additional clerk's office staff and attorneys in their individual capacities." (ECF 1 at 1.)

Following is a brief summary of the factual allegations in Plaintiff's 64-page complaint.[2] Plaintiff has or had four *pro se* appeals pending in the Second Circuit. That court granted Plaintiff's request to file documents electronically, but he "has never been able to access the ACMS electronic filing system due to technical problems." (*Id.* at 10.) Plaintiff has "provided detailed technical documentation to the Clerk's Office . . . identifying the specific system configuration error," but the case managers in the Clerk's Office "never responded or "corrected the problem, despite the passage of five months and multiple requests." (*Id.* at 24.) Although the court authorized Plaintiff to submit documents by email in "Case 25-2607 and other proceedings," he provides myriad examples of the Clerk's Office mishandling, mischaracterizing, delaying, and rejecting his documents submitted for electronic filing. (*Id.* at 2, 9-64.) He alleges that the Clerk's Office "has exceeded its ministerial authority by making discretionary legal determinations that prevent judicial review, violate clearly established procedural rights, and deny constitutional access to courts." (*Id.* at 3.)

By way of example, Plaintiff sets forth a slew of errors that allegedly occurred in one appeal, No. 24-760, a mandamus petition that "effectively" caused him to be denied "the urgent relief sought." (*Id.* at 17.) In that matter, he alleges the following: "(1) misdocketing to create "defects"; (2) striking filings that challenge clerk errors; (3) systematic interception of challenges to clerk authority; (4) use of clerk's own errors to bar relief; (5) unauthorized dispositive determinations by clerk." (*Id.* at 19.) This is a non-exhaustive list of instances that are part of

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

what Plaintiff asserts is a pattern of acts and omissions on the part of the Clerk's Office in all of his appeals. (*Id.* at 3-4.)

Plaintiff alleges that Chief Judge Livingston bears "ultimate administrative responsibility for the Circuit," and that the other federal judge defendants, whom he alleges supervise the Clerk's Office, are "collectively responsible for administration of" the Circuit. (*Id.* at 6, 30.) According to Plaintiff, he sues the judges "for administrative acts," for which they are entitled to only qualified immunity, not absolute judicial immunity. (*Id.* at 8.) He further asserts that admitted attorneys receive "automatic ACMS filing access with minimal clerk review of their filings," that *pro se* litigants "face substantially greater scrutiny, arbitrary application of technical requirements, and administrative barriers that represented parties do not encounter," and that this "differential treatment lacks rational basis and violates equal protection principles." (*Id.* at 5.)

Plaintiff seeks injunctive relief, mandamus relief, and money damages. (*Id.* at 2.) Along with the complaint, Plaintiff filed an "unsigned [proposed] order to show cause" and a memorandum of law seeking a "mandatory temporary restraining order and preliminary injunction" (i) directing the Second Circuit to "immediately docket" his emergency motions and other filings in his appeals, (ii) directing "the immediate transmission of" his filings to "a panel of Article III judges of the Second Circuit for consideration prior to the January 30, 2026, appropriations deadline," and (iii) "Restraining the Defendants from further obstructing the Plaintiff's right of access to the Court through the use of 'pre-docketing filters' or the recharacterization of petitions into motions without judicial oversight." (ECF 9-10.) He has also moved for permission to participate in electronic case filing, and for "expedited consideration of in forma pauperis application and immediate issuance of summonses." (ECF 5, 6.)

4

On February 2, 2026, Plaintiff filed an order to show cause and a memorandum of law seeking directions to Ruby J. Krajick, the former Clerk of this Court, to issue summonses pursuant to Fed. R. Civ. P. 4(b) and to ensure the assignment of his case to a district judge withing a specified time limit. (ECF 12.)

## DISCUSSION

### A.    The Federal Judge Defendants

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

"Even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven,* 579 F.3d at 210 (citations omitted). The doctrine applies "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. 349, 356 (citation omitted)). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity therefore applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citation omitted). Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10. But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356. To the extent Plaintiff's claims against the Federal Judge

Defendants arise out of individual cases before them, Plaintiff does not allege any facts showing

that they acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See*

*Mireles*, 509 U.S. at 11-12. The Court therefore dismisses Plaintiff's claims for damages against

the Federal Judge Defendants because Plaintiff seeks monetary relief against defendants who are

immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, the claims are

frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011)

("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of

[the in forma pauperis statute].").[3]

Although judicial immunity does not absolutely bar a claim for prospective injunctive

relief against a judicial officer acting in his or her judicial capacity, *Pulliam v. Allen*, 466 U.S.

522, 541-42 (1984), in the Federal Courts Improvement Act of 1996 ("FCIA"), Congress

amended 42 U.S.C. § 1983 to provide that in "any action brought against a judicial officer for an

act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted

unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.

---

[3] Even if Defendants were not immune from suit, the Supreme Court has severely curtailed *Bivens* in recent years, indicating that the three implied causes of action thereunder are unlikely to be expanded. The Supreme Court has recognized implied causes of action under *Bivens* in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has "made [it] clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017); *see also Egbert v. Boule*, 596 U.S. 482, 495 (2022) (holding in the context of a Fourth Amendment claim under *Bivens* that "superficial similarities are not enough to support the judicial creation of a cause of action"). Here, Plaintiff asserts a First Amendment access-to-court claim, but the Supreme Court has "never held that *Bivens* extends to First Amendment claims," *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012), and the Second Circuit has "not recognized a *Bivens* action sounding in the First Amendment," *Zherka* v. *Ryan*, 52 F. Supp. 3d 571, 579 (S.D.N.Y. 2014).

§ 1983, as amended by FCIA, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996); *see Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997) (applying Section 309(c) of the FCIA to cases involving federal judicial officers) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

Here, Plaintiff does not allege that the Federal Judge Defendants violated a declaratory decree. Nor does he allege any facts suggesting that declaratory relief is unavailable. *See Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."). The Court therefore dismisses Plaintiff's claims for declaratory and injunctive relief against the Federal Judge Defendants based on the doctrine of judicial immunity.

**B.    Clerk of Court Wolfe and Clerk's Office staff**

Similarly, Plaintiff's claims again Second Circuit Clerk of Court Wolfe, the Second Circuit case managers, and the other Second Circuit Clerk's Office staff must be dismissed on immunity grounds. Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *Kane v. Malone*, No. 25-CV-0951, 2025 WL 1453891, at *2-3 (E.D.N.Y. Mar. 7, 2025) (applying judicial immunity and dismissing allegations of court clerks "repeatedly rejecting" filings and deleting or refusing to file documents, including emergency motions, orders, and appeal-related filings), *appeal pending*, No. 25-1297 (2d Cir.); *McKnight v.*

*Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) (holding "Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity); *Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y Apr. 5, 2007) (extending judicial immunity to the federal court clerk with respect to claims arising out of the filing and docketing of legal documents); *Argentieri v. Clerk of Ct. for Judge Kmiotek*, 420 F. Supp. 2d 162, 165 (W.D.N.Y. 2006) (explaining that "[i]nasmuch as [the] plaintiff claims that [the] defendants violated his rights by refusing to acknowledge his motions or to schedule his court proceedings, [the] defendants were assisting judges in performing essential judicial functions. As a result, [the] plaintiff's claims are barred by absolute immunity.").

Plaintiff's claims against Clerk Wolfe and the other Second Circuit case managers and staff arise from the handling of his electronic filings, which is an integral part of the judicial process. These claims must therefore be dismissed because Plaintiff seeks relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, the claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint. *Rolle v. See Willis*, No. 25-CV-10745 (JMF), 2026 WL 145547, at *1 (S.D.N.Y. Jan. 20, 2026) (denying leave to replead *pro se*

complaint naming federal judge as defendant that was dismissed on judicial immunity grounds).

The Court denies all pending motions as moot.[4]

## CONCLUSION

The Court dismisses Plaintiff's claims for failure to state a claim on which relief may be granted, and for seeking relief against Defendants who are immune from suit, and therefore as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court denies all motions as moot, and the Clerk of Court is directed to terminate them.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a civil judgment in this action.

Dated:   February 9, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[4] As previously noted, courts are required to screen IFP complaints. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff was, therefore, not entitled to issuance of summonses while the Court was screening his IFP complaint.

9