UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN J. WILLIAMS,

Plaintiff,

-against-

DEBRA ANN LIVINGSTON; CATHERINE O'HAGAN WOLFE; RICHARD J. SULLIVAN; JOSEPH F. BIANCO; MICHAEL H. PARKER; WILLIAM J. NARDINI; RICHARD J. LOHIER, JR.; STEVEN J. MENASHI; EUNICE C. LEE; BETH ROBINSON; MYRNA PEREZ; ALISON J. NATHAN; SARAH A. L. MERRIAM; MARIA ARAUJO KAHN; RALPH OBAS; DENNISSE PIZARRO-LEBRON; YANA SEGAL; LAMA; DOES 1-5, ADDITIONAL CLERK'S OFFICE STAFF AND ATTORNEYS,

Defendants.

26-CV-0538 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On February 9, 2026, the Court dismissed this complaint filed *pro se*[1] and *in forma pauperis* (IFP) on immunity grounds. On February 12, 2026, Plaintiff filed a motion for reconsideration and a memorandum of law (ECF 17, 18). On April 16, 2026, Plaintiff filed a motion for leave to file a supplemental pleading, and on July 18, 2026, Plaintiff filed a motion to disqualify the Court and a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). (ECF 19, 21, 22.) The Court has reviewed these submissions and denies the motions for the reasons set forth below.

[1] As an attorney proceeding *pro se*, Plaintiff is not entitled to the special solicitude ordinarily afforded to *pro se* litigants. *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

## BACKGROUND

### A. Complaint, IFP application, and dismissal order

On January 16, 2026, Plaintiff filed this complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against judges of the United States Court of Appeals for the Second Circuit (the Federal Judge Defendants), and the Clerk of Court for the Second Circuit and Second Circuit Clerk's Office staff (the Clerk's Office Defendants). (ECF 1.) At the time, Plaintiff had appeals pending from actions he had filed in the United States District Court for the District of Connecticut. Plaintiff asserted that the Clerk's Office Defendants mishandled, mischaracterized, delayed, and rejected his documents for electronic filing, which interfered with his electronic filing privileges and allegedly violated his right of access to the court. (*Id.* at 1-2.) He sued Defendants for "administrative acts" for which he asserted they were entitled only to qualified immunity. (*Id.* at 8.) In the complaint and subsequently filed documents, Plaintiff sought money damages and injunctive and mandamus relief, seeking orders directing the Second Circuit to: (1) "immediately docket" his filings; (2) "transmi[t]" them to "a panel"; and (3) refrain from "obstructing" his court access "through the use of 'pre-docketing filters' or the recharacterization of petitions into motions without judicial oversight." (ECF 1, 9, 10, 12-14.) Plaintiff sought from this Court "expedited" consideration of his IFP application and the "immediate issuance of summonses." (ECF 5, 6.)

In his signed IFP application, Plaintiff declared "under penalty of perjury" that he was "unable to pay the costs of these proceedings," and that the financial information he provided was "true." (ECF 2 at 1-2.) Based on Plaintiff's answers to the questions in the application, the Court granted him leave to proceed IFP on January 23, 2026 (ECF 11), and the clerk's office docketed the order on January 28, 2026.

By order dated February 9, 2026, the Court *sua sponte* dismissed the action, holding that: (1) the Federal Judge Defendants were immune from suit for damages for any actions taken within the scope of their judicial responsibilities; (2) Plaintiff had not alleged facts showing that the Federal Judge Defendants had acted beyond the scope of their judicial responsibilities or outside their jurisdiction; (3) although judicial immunity does not bar a claim for prospective injunctive relief against a judicial officer acting in his or her judicial capacity, injunctive relief is not available unless a declaratory decree was violated or declaratory relief was unavailable, and Plaintiff had not alleged facts showing that the Federal Judge Defendants violated a declaratory decree or that declaratory relief was unavailable to him; (4) judicial immunity extended to the Clerk's Office Defendants because they perform functions closely associated with the judicial process, including the processing and filing of court documents. (ECF 15 at 6-8.)

While not reaching the merits of Plaintiff's claims, the Court noted that the Supreme Court has: (1) recognized implied causes of action under *Bivens* in only three contexts having no relevance to this matter (unreasonable search and seizure under the Fourth Amendment; employment discrimination under the Due Process Clause of the Fifth Amendment; and inadequate medical treatment of a prisoner under the Eighth Amendment), and "made [it] clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017); and (2) never held that *Bivens* extends to First Amendment claims, *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). (ECF 15 at 6 n.3.)

**B. Post-judgment motions**

**1. Motion for reconsideration**

Plaintiff filed a motion for reconsideration, pursuant to Local Rule 6.3, raising the following issues: (1) the Court's purported "reversal" of the grant of IFP status by *sua sponte*

dismissing the complaint; (2) the Court's purported "conflating" of the standards for preliminary IFP screening under 28 U.S.C. § 1915 (the IFP statute) with "final Rule 12(b)(6) adjudication"; (3) the dismissal of the complaint on immunity grounds; (4) the Court's failure to grant him leave to replead; and (5) the Court's revocation of IFP status on appeal. (ECF 17.) Plaintiff also filed a memorandum of law. (ECF 18.)

**2. Motion for relief from judgment**

Plaintiff moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and alleges the following facts. On January 28, 2026, Plaintiff filed a petition for a writ of mandamus in the Second Circuit, seeking an order directing the Honorable J. Paul Oetken, in his capacity as Part I judge, to "immediately rule on" an emergency motion that Plaintiff had filed in this court on January 23, 2026. *In re: Stephen J. Williams*, No. 26-193 (2d Cir.). On May 21, 2026, a panel of Second Circuit judges granted Plaintiff leave to proceed IFP in that matter "for the purpose of filing the mandamus petition, and denied the petition as moot. (*Id.*) Plaintiff claims that the Second Circuit mandate is void because the panel that issued the order "was not constituted as Congress authorized"; according to Plaintiff, Judges Sullivan, Bianco, and Nathan "were parties to the proceeding they decided." (ECF 22 at 1.) Plaintiff seeks an order from this Court voiding the mandate.

**3. Motion for recusal and disqualification**

Plaintiff seeks the undersigned's recusal and disqualification pursuant to 28 U.S.C. §§ 455(a), 455(b)(4) and 455(b)(5)(i). According to Plaintiff, the undersigned has an "institutional interest" in this matter, because: (1) she is Chief Judge, and he is challenging administrative practices of the court,[2] and, (2) as a member of the Second Circuit Judicial

[2] According to Plaintiff, court procedures and rules treat *pro se* litigants proceeding IFP

Council, she has a "structural and "institutional relationship with" Defendants. Plaintiff suggests that it is an unresolved issue:

> whether a member of the Judicial Council — the body statutorily empowered to issue orders that officers and employees of that office "shall promptly carry into effect," 28 U.S.C. § 332(d)(2) — occupies a governance position functionally analogous to that of an officer, director, or trustee of that office within the meaning of § 455(b)(5)(i).

(ECF 21 at 6.)

**4. Motion for leave to file a supplemental pleading**.

Plaintiff seeks leave to file a "supplemental pleading" to report "new events" occurring in the Second Circuit. He alleges the following. On April 13, 2026, the Second Circuit heard oral argument in two of Plaintiff's appeals before a panel that included Judges Sullivan and Lee. According to Plaintiff, their participation was prohibited by Section 455(b)(5)(i), because they are named as Defendants in this action. (ECF 19.) Plaintiff argues that these "are subsequent occurrences within the meaning of [Fed. R. Civ. P.] 15(d) . . . give concrete effect to the allegations of the Complaint," and he seeks leave "solely to place these events on the record of this action." (ECF 19.)

## DISCUSSION

### A. Motion for reconsideration under Rule 6.3

A party who moves for reconsideration under Local Civil Rule 6.3 must show that the Court overlooked "controlling law or factual matters" that had been previously put before it.

---

differently from counseled litigants who pay the fee. He further alleges that, in violation of the Rules for the Division of Business Among District Judges for the Southern District of New York, his emergency motions were "improperly withdrawn" from Part I review; his case was assigned in a non-random manner, on the same day that it was dismissed without issuance of summonses, that he was not given an opportunity to pay the filing fees prior to dismissal; and that there was a 5-day delay in the docketing of the order granting him IFP status.

*R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

**(1) purported "reversal" of the grant of IFP status**

In the district court, the review of an IFP application is a two-step process.[3] *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, the Court reviews the financial information in the IFP application to assess whether the litigant qualifies for waiver of the filing fees, which is based solely upon his economic circumstances. 28 U.S.C. § 1915. The Court then does a merits-based screening of the complaint under the IFP statute. 28 U.S.C. § 1915(e)(2)(B); *Rogers v. United States*, 248 F. App'x 402, 403 (3d Cir. 2007) (explaining that after a plaintiff is found to qualify for IFP status based on his financial position, "the court must decide whether the complaint is legally frivolous or otherwise eligible for *sua sponte* dismissal under" the IFP statute) (citation omitted).

Thus, the Court's *sua sponte* dismissal of Plaintiff's complaint was not a "reversal" of the grant of IFP. District courts regularly grant litigants IFP status and *sua sponte* dismiss the

---

[3] In the Second Circuit, the merits of an appeal may be considered in determining a party's entitlement to proceed IFP. *United States v. Kosic*, 944 F.3d 448, 449 (2d Cir. 2019). When presented with an IFP application, the Second Circuit considers the merits of the appeal, and, if that court finds that the appeal is frivolous, it denies the IFP motion and dismisses the appeal. *See* 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

complaint because it is legally insufficient. *See, e.g., Panarello v. Commack Volunteer Ambulance*, No. 25-CV-03754, 2025 WL 3179616, at *6 (E.D.N.Y. Nov. 13, 2025) (granting the plaintiff leave to proceed IFP based on a review of his financial circumstances in the IFP application, and *sua sponte* dismissing the complaint on the merits).

**(2) alleged conflation of the standards for preliminary IFP screening under Section 1915(e) with "final Rule 12(b)(6) adjudication**

Under the IFP statute, Section 1915(e)(2), district courts must screen a complaint filed IFP and dismiss it, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* Here, as set forth in the February 9, 2026 order of dismissal, the Court reviewed Plaintiff's complaint under that standard, and dismissed Plaintiff's claims on judicial immunity grounds. Contrary to Plaintiff's assertion, the Court did not apply the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), but rather the standard of review applicable in cases screened under the IFP statute. (*See* ECF 15 at 2.)

**(3) challenge to the dismissal on immunity grounds**

The Court did not err in dismissing Plaintiff's claims on judicial immunity grounds. To the extent Plaintiff asserts that Defendants are not entitled to immunity for administrative tasks, a court's inherent power to control its docket is part of its function of resolving disputes between parties, which is a function for which judges and their supporting staff are afforded absolute immunity. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (holding that "court clerks are entitled to immunity for harms allegedly related to the delay in scheduling appellant's appeal," and for "their alleged refusal of appellant's document request to obtain additional transcripts and expand the appellate record."); *Dekom v. Fannie Mae*, 846 F. App'x 14, 18 (2d Cir. 2021) (holding that "[n]on-judicial administrative tasks that pertained to management of mortgagor's

prior foreclosure case and appeal were judicial in nature, and therefore judges and staff were absolutely immune from suit).

As stated in the order of dismissal, to the extent Plaintiff seeks injunctive relief, he has not alleged that a declaratory decree was violated or that declaratory relief was unavailable to him. (ECF 15 at 6-7.) In any event, the only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities, not injunctive relief. *Kurzberg v. Ashcroft*, 619 F.3d 176, 187 (2d Cir. 2010) (quoting *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)).

**(4) sua sponte dismissal/no summonses, no opportunity to pay the fees, delay**[4]

Plaintiff correctly states that the issuance of summonses is required under Fed. R. Civ. P. 4(b), but it would have been premature for the Court to issue summonses and order service of process before fulfilling its statutory screening obligation as to Plaintiff's IFP complaint. *Johnson v. Adams*, No. 19-CV-6272 (LLS), 2019 WL 3080851, at *2 n.3 (S.D.N.Y. July 15, 2019) ("When a plaintiff proceeds IFP, before issuing a summons for any defendant, the Court must screen the complaint and dismiss claims" under the IFP statute), *appeal dismissed as frivolous*, No. 19-2235, 2019 WL 7602345 (2d Cir. Oct. 23, 2019).[5]

---

[4] Although Plaintiff raised these claims in the recusal motion, the Court construed these claims as having been asserted in Plaintiff's motion for reconsideration because they do not appear to be relevant to a claim of bias or partiality.

[5] The Court further notes that it can consider the existence of an affirmative defense when it is plain from the face of the pleading. *Ethridge v. Bell*, 49 F.4th 674, 681 (2d Cir. 2022) ("recogniz[ing] the authority of courts to raise sua sponte affirmative defenses where the defense implicates values beyond the interests of the parties."); *Jones v. City of New York*, No. 18-CV-01937 (VSB) (GWG), 2021 WL 5562694, at *5 (S.D.N.Y. Nov. 29, 2021) (explaining that a court "does not have to wait for a motion to dismiss, and waste judicial time and resources," before considering an affirmative defense). In other words, the Court properly dismissed the complaint *sua sponte* on the grounds of judicial immunity when that affirmative defense was apparent on the face of the complaint.

Plaintiff also complains that the Court dismissed the complaint without giving him permission to pay the filing fees. When a civil action is commenced in a federal district court, the statutory filing fee must ordinarily be paid, but the court is authorized to permit a litigant to proceed IFP if he "is unable to pay" the fee 28 U.S.C. § 1914(a), § 1915(a)(1); *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (explaining that an application to proceed IFP includes an affidavit containing a litigant's "representations of poverty"). The ability to proceed IFP "is a privilege provided for the benefit of indigent persons." *Cuoco v. United States Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). The Court granted Plaintiff IFP status based upon his representation of poverty. If Plaintiff can afford to pay the filing fee, he should not be seeking IFP status.[6]

As to the five-day gap between the grant of IFP and the docketing of the order, docketing delays are unfortunate, but not unheard of. *See, e.g., Doe v. Columbia Univ.*, Nos. 23-CV-10393 (DEH), 2024 WL 3454839, at *1 (S.D.N.Y. July 18, 2024) (explaining that docketing "may be delayed" due to "the volume of" cases filed).

**(5) denial of leave to amend**

Plaintiff alleges that the Court erred in denying him the opportunity to amend his complaint, citing *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 795 (2d Cir. 1999). *Gomez* cautions district courts not to "dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Id.*

---

[6] IFP status may be revoked if an allegation of poverty proves to be untrue. *See* § 1915(e)(2)(A); *Winter v. Pinkins*, No. 14-CV-8817 (RJS), 2017 WL 5496280, at *2 (S.D.N.Y. Apr. 13, 2017) (explaining that providing inaccurate information in an IFP application violates Rule 11, which applies to *pro se* litigants (citing *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 n.5 (S.D.N.Y. 2005)).

Here, the Court correctly determined that it would be futile to grant Plaintiff leave to file an amended complaint because he sued immune defendants from whom he could not obtain the relief sought. *See Treistman v. McGinty*, 804 F. App'x 98, 100-01 (2d Cir. 2020) (holding that the plaintiff could not seek injunctive relief because he had not alleged that the judicial defendants violated a declaratory decree or that declaratory relief was unavailable, and that amendment would therefore be futile); *Johnson v. Wolfe*, No. 19-CV-7337 (GHW), 2019 WL 5784704, at *4 (S.D.N.Y. Nov. 5, 2019) (declining to grant leave to amend because the claims against federal judges and Second Circuit Clerk of Court Wolfe could not be cured with an amendment). Thus, the Court did not err in declining to grant Plaintiff leave to file an amended complaint.

**(6) denial of leave to proceed IFP on appeal**

If a district court denies leave to proceed IFP on appeal, the litigant may seek identical relief from the Second Circuit. *Williams v. United States,* No. 18-CV-12064 (LLS), 2019 WL 13549177, at *4 (S.D.N.Y., Mar. 26, 2019) (quoting *Coppedge*, 369 U.S. at 445); *Tatintsian v. Vorotyntsev*, No. 16-CV-7203 (GHW), 2026 WL 1239884, at *3 (S.D.N.Y. May 5, 2026) (noting that although the district court revoked IFP status, the plaintiff would have "the opportunity to file a motion to proceed [IFP on appeal] with the" Second Circuit). A decision on whether a litigant should be granted leave to proceed IFP is left to a district court's discretion. *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010).

To the extent Plaintiff disagrees with the revocation of his IFP status, his remedy is to file an IFP application in the Second Circuit.

**B. Motion under Rule 60(b)(4)**

Under Federal Rule of Civil Procedure 60(b)(4), a party to a civil action in a federal district court may seek relief from a final judgment issued by that court for the reason that "the

judgment is void." Fed. R. Civ. P. 60(b)(4). That rule applies to a final judgment issued by a federal district court in the federal civil action or proceeding in which the Rule 60(b)(4) movant is a party and not to any other action in or by any other court. *See id.*; *see also* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts").

Plaintiff, in his Rule 60(b)(4) motion, seeks relief from a Second Circuit mandate, not from an order of this Court. This Court lacks jurisdiction to review decisions of other federal or circuit courts. *See Park v. Parker*, No. 25-CV-00789 (MAB) (SDA), 2025 WL 4647881, at *4 (S.D.N.Y. Dec. 8, 2025) (listing cases), *report and recommendation adopted*, 2026 WL 395346 (S.D.N.Y. Feb. 12, 2026); *Kurtz v. United States*, 798 F. Supp. 2d 285, 290 n.6 (D.D.C. 2011) ("a district court 'lacks subject matter jurisdiction to review the actions of another . . . federal [district] court [or court of appeals]'") (quoting *Gallo-Rodriguez v. Supreme Court of the U.S.*, No. 08-CV-01890 (RWR), 2009 WL 3878073, at *1 (D.D.C. Nov. 19, 2009)), *aff'd*, 2012 WL 1155801 (D.C. Cir. Mar. 1, 2012).

Because this Court lacks jurisdiction to void a Second Circuit mandate, the Court denies the motion for relief under Rule 60(b)(4).

**C. Motion for recusal and disqualification**

Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To establish a basis for recusal, "[m]ovants must overcome a presumption of impartiality, and the burden for doing so is substantial." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citations and quotation marks omitted). The standard is "whether an objective and disinterested observer,

knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013).

A judge should not recuse herself based on "unsupported" or "highly tenuous speculation, and has as much of an obligation not to recuse [her]self when it is not called for as [she] is obliged to when it is." *United States v. LaMorte*, 940 F. Supp. 572, 576-77 (S.D.N.Y. 1996) (internal quotations and citations omitted); *see also Zavalidroga v. Cote,* 395 F. App'x 737, 739 (2d Cir. 2010) ("[W]e have a duty to . . . the Court at large, and the public not to casually recuse ourselves when a party makes general and unsupported allegations about our impartiality."). "Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009).

Section 455(b)(4) provides that a judge "shall disqualify" herself where the judge "has [an] interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). Section 455(b)(5)(i) provides that a judge shall disqualify herself in any proceeding in which the judge or the judge's "spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person . . . [i]s a party to the proceeding, or an officer, director, or trustee of a party." 28 U.S.C. § 455(b)(5)(i).

Plaintiff has not met his burden of demonstrating that recusal or disqualification is warranted. His allegations regarding non-random assignment in violation of local rules do not suggest bias or call into question the Court's impartiality. There is no legal entitlement to the non-random assignment of one's case. *See Donohue v. Samuels*, No. 26-CV-5329 (JMF), 2026 WL 1865114, at *2 (S.D.N.Y. June 29, 2026) (holding that "a litigant has neither 'a right to have his case heard by a particular judge,' *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984),

nor a 'right to any particular procedure for the selection of the judge,'" *Cruz v. Abbate*, 812 F.2d 571, 574 (9th Cir. 1987)); *Brik v. Brodie*, No. 23-CV-4330, 2024 WL 1604194, at *7 (E.D.N.Y. Apr. 12, 2024) (holding that a local rule requiring assignment of subsequent actions brought by *pro se* plaintiffs to the same judge who presided over earlier cases did not violate the plaintiff's right to due process or equal protection), *appeal dismissed*, No. 24-1347 (2d Cir. Dec 3, 2024); *Obert v. Republic W. Ins. Co.*, 190 F. Supp. 2d 279, 290 (D.R.I. 2002) (explaining that "[t]here is no statute that requires random assignment."); *U.S. ex rel. Monty v. McQuillan*, 385 F. Supp. 1308, 1310 (E.D.N.Y. 1974) (holding that there is no due process right "to have a judge assigned to [a] case on a random basis," or a right to "determine the manner in which [a] case is assigned"). Additionally, local rules do not create substantive rights or give rise to a private cause of action. *Cruz v. Sannes*, No. 26-CV-0441, 2026 WL 1533215, at *3 (N.D.N.Y. June 1, 2026) (adopting report and recommendation).

Plaintiff also fails to allege any disqualifying facts. He does not allege that the undersigned has a relationship to any party in this matter, let alone one warranting disqualification under Section 455(b)(5)(i). *Cf. Miller v. Apple, Inc.*, No. 25-CV-1172 (JPC) (RFT), 2025 WL 1554589, at *4 (S.D.N.Y. June 2, 2025) (holding that "while Plaintiff gestures towards the language of" Section 455(b)(5)(i) "that provision has no import" based on the facts alleged). Plaintiff has not shown that the Court has an interest in this matter that could be substantially affected by the outcome of the proceeding. At least one court has rejected the argument Plaintiff makes here that Judicial Council[7] membership is "functionally analogous to

[7] The Judicial Council of the Second Circuit is the regional governing body of the judiciary within this Circuit, and consists of district judges and circuit judges. 28 U.S.C. § 332; *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009). Judicial councils are not "court[s]" and have "no jurisdiction over civil actions." *In re Jud. Misconduct*, 630 F.3d 1262 (9th Cir. 2011); *cf. Overton v. Torruella*, 183 F. Supp. 2d 295, 304 (D. Mass. 2001) (holding that the district court "is

that of an officer, director, or trustee" under Section 455(b)(5)(i). *See Dreiling v. United States*, No. 26-1409, 2026 WL 1453077, at *1 (Fed. Cir. May 22, 2026) (holding that "a reasonable observer would not conclude that our membership on the Judicial Council is a basis to reasonably question" our impartiality).[8]

The Court therefore denies the motion for recusal and disqualification.

**D. Motion to file supplemental pleading**

Because the Court is denying Plaintiff's other motions, it denies as moot the motion to file a supplemental pleading.[9] *See Mills v. Noonan*, No. 06-CV-00842, 2019 WL 2361483, at *2 (W.D.N.Y. June 4, 2019) (denying motion to amend pleading because, "[h]aving denied vacatur," that motion was moot).

## CONCLUSION

The Court denies the pending motions for the reasons set forth in this order, and the Clerk of Court is directed to terminate them.

---

without authority to order the Judicial Council to reconsider" a matter).

[8] Simply naming judges as defendants in a lawsuit does not require recusal. *See, e.g.*, *Arce v. Vilardo*, No. 21-CV-0588, 2021 WL 5567358, at *1 (W.D.N.Y. Nov. 28, 2021) (explaining that recusal is not required, "even though the Defendants in this case are fellow judges from the District. . . . The Compendium of Selected Ethics Opinions states that a judge need not recuse from a case involving a party that filed suit against the judge, where the judicial immunity will be a complete defense to the action against the judge.") (citation and quotation omitted)); *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) ("Judges should not . . . automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit . . . .") (citation omitted)); *Philipson v. Lipman*, No. 26-CV-2582, 2026 WL 1987572, at *1 (W.D. Tenn. June 3, 2026) (denying recusal because, "[n]o one could reasonably question the impartiality of a judge based only on the fact that the plaintiff has sued another judge of the Court . . . judges act independently and the mere fact that another judge—even on the same court—has been sued is no basis for disqualifying other, independent members of the judiciary) (citation omitted).

[9] As noted, the Court lacks jurisdiction to review Second Circuit procedures and cannot grant Plaintiff the relief he seeks.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 21, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge